UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIFFANIE N. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN DAVID SNODGRASS,<br>ANDREW MICHAEL STORIE,<br>MICHAEL CONNER,<br>JOHNNY ANGEL,<br>JAY TURNER,<br>SKYLER BRAND,<br>TONY SKINNER,<br>TOWN OF EATON, INDIANA,<br><br>Defendants. | ) | No. 1:26-cv-02233-JPH-CSW |

**ORDER**

**I.**
**Granting *in forma pauperis* status**

Ms. Williams's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [2]; *see* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Ms. Williams to proceed without prepaying the filing fee, she remains liable for the full fees. *Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

**II.**
**Screening Complaint**

**A. Screening Standard**

The Court has the inherent authority to screen Ms. Williams's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**B. Discussion of Claims**

Ms. Williams brings this action under 42 U.S.C. § 1983 against Eaton Police Officers Jonathan David Snodgrass, Andrew Michael Storie, and Michael Conner; Eaton Police Chief Jay Turner; Delaware County Deputy Sheriff Johnny Angel; Delaware County Sheriff Tony Skinner; Delaware County Officer Skyler Brand; and the Town of Eaton, Indiana. Dkt. 1 at 8–9. Ms. Williams alleges that on July 17, 2020 at her home in Delaware County, Indiana, Officers Snodgrass, Storie and Conner responded to an alleged protective-order

violation. *Id.* at 9. Ms. Williams "opened her apartment door and then closed it flush with the frame," but Officer Snodgrass "turned the doorknob and entered the apartment" alongside Officers Storie and Conner despite not having a warrant to enter her home. *Id.* Ms. Williams alleges the Officers used excessive force including grabbing her by the wrist and pulling her to the floor and kicking her in her pelvic region. *Id.* at 10. While still at Ms. Williams's home, Officer Storie called Chief Turner, and Chief Turner "knowingly encouraged and approved continuation of the challenged police seizure." *Id.* She also alleges that Officer Brand arrived at the scene and "made a racially derogatory threat . . . to cut her braided hair, using a racial slur to describe it." *Id.*

Although Deputy Angel reviewed the body-camera footage the day of incident and "approached the Eaton officers and expressed concern about the entry" into Ms. Williams's home, *Id.*, Ms. Williams was arrested and a criminal proceeding was brought against her, *see Id.* at 10–11. During the proceeding, the court ordered suppression of "[a]ny evidence obtained as a result of the entry into Ms. Williams['s] residence" because no exception to the warrant requirement applied. *Id.* at 19. The criminal proceeding against Ms. Williams was dismissed in October 2024. Dkt. 1-1 at 1.

After bringing her complaints concerning the July 2020 incident and presenting the final court order to Sheriff Skinner, Ms. Williams alleges that he "continued concealing the recorded conversation concerning the entry and Angel's omission of it from the written reports." Dkt. 1 at 11. Finally, Ms.

Williams alleges that despite repeated requests beginning in 2020 for information related to her arrest, the Town of Eaton has not provided the requested information and informed her that the requested body-camera recordings had been destroyed. *Id.* at 13.

**C. Analysis**

Ms. Williams brings warrantless entry, unreasonable seizure, and excessive force claims against Officers Snodgrass, Storie, and Conner arising from the July 2020 entry into her home. Dkt. 1 at 14–15. "The statute of limitations for a § 1983 claim is governed by the personal injury statute of limitations of the state where the alleged injury occurred." *Riddle v. Khan*, 168 N.E.3d 1017, 1023 (Ind. Ct. App. 2021). The alleged injury occurred at Ms. Williams's home in Indiana, dkt. 1 at 9, so Indiana's personal injury statute of limitations applies, which "requires that an action be commenced within two years after the cause of action accrues." *Riddle*, 168 N.E.3d at 1023. "[A] cause of action for personal injury accrues, and the statute of limitations period begins to run, when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Id.* Ms. Williams knew an injury had been sustained as late as July 2022 as shown by the prior civil action she filed with this Court. *See* dkt. 1 at 13. Thus, Ms. Williams's claims stemming from the July 2020 incident at her home are timed barred. Her Fourth Amendment warrantless entry, unreasonable seizure, and excessive force claims against Officer Snodgrass, Officer Storie, and Officer Conner must be **dismissed**.

Ms. Williams also brings an unreasonable seizure claim against Chief Turner. She alleges Chief Turner "encouraged and approved continuation of [the] seizure while the incident was unfolding." Dkt. 1 at 15. Because Chief Turner's alleged seizure occurred contemporaneously with the July 2020 incident, Ms. Williams's claim against Chief Turner is also time barred and must be **dismissed**.

Additionally, Ms. Williams alleges Officer Brand "made a racially derogatory threat concerning cutting her braided hair," dkt. 1 at 9, but she does not state a cause of action. Any individual capacity claim against Officer Brand is **dismissed** because Ms. Williams has not stated a claim upon which relief can be granted. Any official-capacity claim against Officer Brand must also be **dismissed**. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent'"—in this case, the Delaware County Sheriff's Office. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). § 1983 claims "may be brought against . . . local governmental entities for actions by its employees only if those actions were taken pursuant to an unconstitutional policy or custom." *Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1071 (7th Cir. 2012). Ms. Williams has not alleged that Officer Brand acted under any department policy or custom. *See* dkt. 1.

Liberally construed, the complaint's allegations are sufficient to plausibly assert Fourth and Fourteenth Amendment claims of providing material

falsehoods, fabricating or concealing evidence, and deprivation of liberty against Officer Snodgrass and Deputy Angel. Those claims **shall proceed** against them in their individual capacities. The complaint's allegations are also sufficient to plausibly assert a claim of interference with access to the courts against Sheriff Skinner and the Town of Eaton, Indiana. That claim **shall proceed** against Sheriff Skinner in his individual capacity and Eaton under a theory municipal liability.

## III.
## Directing Service of Process

The **clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendants Jonathan David Snodgrass, Johnny Angel, Tony Skinner, and the Town of Eaton, Indiana in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 10/20/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TIFFANIE N. WILLIAMS
1510 Kerry Drive
Sebring, FL 33870-6013

Jonathan David Snodgrass
9444 County Road 17 S.,
Sebring, FL 33876-8925

Johnny Angel
c/o Delaware County Sheriff's Office,
3100 S. Tillotson Avenue, Suite 150,
Muncie, IN 47302

Tony Skinner
c/o Delaware County Sheriff's Office,
3100 S. Tillotson Avenue, Suite 150,
Muncie, IN 47302

Town of Eaton, Indiana
600 E. Harris Street,
Eaton, IN 47338